DANIEL HARRINGTON *vs.* LIGGETT DRUG COMPANY, INC.

JUNE 10, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence. At the trial in the superior court the defendant

presented no evidence but rested its case and moved for a directed verdict on the plaintiff's evidence. Its motion was granted by the trial justice on the ground that plaintiff, by his own testimony, was guilty of contributory negligence as a matter of law. The case is here on plaintiff's exception to this ruling, and to another ruling made by the trial justice during the course of the trial, excluding certain testimony. Defendant did not prosecute any exceptions.

In this court defendant not only relied on contributory negligence in support of the directed verdict, but also urged that the plaintiff's evidence failed to show what was the proximate cause of his injury, and, further, that there was no evidence of any negligence on its part.

There is no merit in this latter contention, because it depends on a view of the evidence favorable to the party making the motion for a directed verdict. It is also lacking in merit because it is predicated in part, at least, on an objection, to the admission of certain evidence, which was overruled by the trial justice. It is true that defendant duly excepted to such ruling, but on the record here we must consider this evidence favorably to the plaintiff just as if no exception had been taken, since the defendant has not brought its exception to this court for a review of that ruling.

Whether or not the plaintiff was guilty of contributory negligence as a matter of law, and whether there was evidence of the proximate cause of the plaintiff's injury sufficient to take the case to the jury, were questions for the trial justice to decide after viewing all the evidence most favorably to the plaintiff and drawing therefrom all reasonable inferences in his favor. This is the well-established rule governing the consideration of a defendant's motion for a directed verdict. On a careful examination of the transcript, we are of the opinion that the trial justice did not follow this rule and that he erred in directing a verdict for the defendant.

It appears from the transcript, looked at in a light most favorable to the plaintiff, that in walking down a flight of stairs leading to the cellar of defendant's premises he stepped from the last stair into a hole, with jagged edges, "between ten and twelve inches in circumference and one and a half or two inches deep"; that as a result, he fell right over on his side and injured his ankle; that the hole had been there six months; that he did not see it as he stepped down the stairs because of the dim light; that he was on defendant's premises in response to a call from its servant or agent in order to adjust or repair an electric refrigeration unit in defendant's cellar; that a clerk on defendant's premises showed him the stairs to take to the cellar; and that he was not warned of any defect in or unusual condition of the floor of the cellar that might be a source of danger.

There was some conflict as to whether there was a hole in the floor, as described by plaintiff, at the bottom of the stairs. Defendant's clerk, who was called as a witness by the plaintiff, testified that there was a piece of patched concrete, about a square yard in area, more or less worn from walking. He was asked if he had not said to plaintiff shortly after the accident: "That hole should have been repaired six months ago". He testified: "I don't recall saying the hole should have been fixed . . . ." And later he added: "Well, if you describe it as a hole—you couldn't say it needed fixing. It wasn't any hole, it was more or less a patched concrete, went for almost a square yard."

Plaintiff was allowed to testify in rebuttal that the clerk in the store came down cellar and asked him what the matter was and that plaintiff replied that he "fell over there in that hole", pointing to the place at the foot of the stairs, and that the clerk said: "Oh, that should have been fixed six months ago." Whether or not the plaintiff and the clerk were referring to the same place on the cellar floor, and whether there was a hole at that place, as described by the plaintiff, was clearly a question for the jury. The fact that defendant objected to the admission of this testimony and excepted to

such admission is of no consequence, as defendant did not bring its exception here.

The testimony of the plaintiff as to his stepping in the hole and falling is not contrary to any physical facts in evidence, as was the testimony which this court disregarded in the case of *Whalen* v. *Dunbar*, 44 R. I. 136, cited by defendant. On the facts in evidence here, neither that case nor *Wordell* v. *The Shepard Co.*, 58 R. I. 263, nor *Ziegler* v. *Providence Biltmore Hotel Co.*, 59 R. I. 326, also cited by defendant, appears to us to have any application.

As to the question of plaintiff's contributory negligence, the evidence clearly does not justify a finding that plaintiff was guilty of such negligence as a matter of law. Plaintiff was an invitee. He was called to defendant's premises to perform a service for defendant. He was directed by defendant's servant where to go to perform that service. He was not guided there nor did defendant's servant think it was necessary to warn plaintiff of any danger on the stairs or at the foot of them.

There was some light by which plaintiff could see down the stairs, and it was sufficient for him to proceed safely until he stepped off the last stair. Apparently it was not bright enough to disclose the defect in the cellar floor. He had no reason to apprehend that there was a hole or a depression there. He having gotten safely down the stairs with such light as there was, it cannot be said that, as a matter of law, he was negligent in not pausing on the last stair until his vision could accustom itself to the dim light and enable him to discover any defect in the cellar floor, if one existed. What an ordinary prudent man under all the circumstances here would do is a question of fact to be determined by the jury.

For the reasons above stated, plaintiff's exception to the direction of a verdict is sustained. In view of this conclusion, it is not necessary to consider his other exception.

The case is remitted to the superior court for a new trial.

*Henry M. Boss,* for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.